IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEVON LYNN HARTFIELD, § | | |
| TDCJ #1176899, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-4288 | |
| § | | |
| HOUSTON POLICE DEPARTMENT, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

The plaintiff, Devon Lynn Hartfield (TDCJ #1176899, former TDCJ #659076, #581035), also known as Devon Harfield, filed this suit while in custody of the Texas Department of Criminal Justice ("TDCJ"), at a pre-release facility in Houston. Hartfield has filed a complaint under 42 U.S.C. § 1983, alleging that the Houston Police Department ("HPD") violated his civil rights by forcing him to register as a sex offender. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

I.   BACKGROUND

Hartfield indicates that was recently released from prison and transferred to the Southeast Texas Transitional Center, which is a minimum security "halfway house" facility for paroled offenders. Public records reflect that Hartfield received a 9-year prison sentence in 2003 from the 147th District Court of Travis County, Texas, as the result of a felony conviction in cause number 3022588 for failing to register as a sex offender. Prior to that

offense, Hartfield was convicted of aggravated sexual assault of a child in 1991, and sentenced to five years' imprisonment.

Hartfield alleges that, following his transfer from prison to the Southeast Texas Transitional Center, he was "taken to HPD" by unidentified officials and required to register as a sex offender. In that respect, Texas law requires that all persons with a "reportable conviction" for certain offenses of a sexual nature must register with the appropriate authorities. *See* TEX. CODE CRIM. PROC. art. 62.051(a). The list of reportable convictions includes, among other offenses, indecency with a child, sexual assault, aggravated sexual assault, and prohibited sexual conduct. *See id.*, art. 62.001(5)(A).

Hartfield complains that, because he was not "on probation, on parole, or in TDCJ doing time as of September 1, 1997, for a sex crime," he is not required to register as a sex offender by law. Arguing that HPD violated his constitutional rights by forcing him to register, Hartfield seeks compensatory damages in the amount of $150,000.00 and the removal of his photograph from the public sex-offender registry website. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.[1] Upon initial screening of a prisoner civil rights complaint, the

---

[1] The Fifth Circuit has held that the PLRA applies to complaints filed by prisoners who reside
(continued...)

PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's

---

[1](...continued)
   in halfway-house facilities such as the Southeast Texas Transitional Center, which is operated by the GEO Group pursuant to a contract with TDCJ. *See Jackson v. Johnson*, 475 F.3d 261, 264-65 (5th Cir. 2007).

allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

    A review for failure to state a claim in the IFP context is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this Rule 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.     DISCUSSION

#### A.     Lack of Capacity

HPD is the only defendant listed in the complaint as the party responsible for requiring Hartfield to register as a sex offender.  Under applicable law and rules, a party to a lawsuit must have the capacity to sue or be sued.  *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993).  A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to sue or be sued directly.  *See id.* at 313-14.  As a division within the City of Houston, HPD does not qualify as an entity with capacity to sue or be sued.  *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority'") (quoting *Darby*, 939 F.2d at 313-14); *Maxwell*, 815 F. Supp. at 215 (finding that HPD lacks an independent legal existence and the capacity to be sued).  Accordingly, Hartfield's claims must be dismissed because the complaint fails to identify a proper party with capacity to be sued.

#### B.     Failure to State a Claim

Alternatively, the complaint must be dismissed because Hartfield fails to articulate a constitutional violation for purposes of stating a claim under 42 U.S.C. § 1983.  Hartfield's central claim is that, following his release on parole, he was forced to register as a sex

offender in compliance with a law that was not in effect at the time of his conviction for a reportable offense. Liberally construed, Hartfield complains that the sex-offender registration requirement has been retroactively imposed on him in violation of the Ex Post Facto Clause. This claim is without merit.

Article I, Section 10 of the United States Constitution provides that no state shall pass an ex post facto law, meaning that states are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981). To constitute a violation of the Ex Post Facto Clause, a law "must be both retroactive and to a prisoner's detriment." *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997). A law is retroactive if it applies to events occurring before its enactment. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). A law is to the prisoner's detriment if it creates a "sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute applies retroactively, the existence of an ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).

The Fifth Circuit has repeatedly rejected claims by Texas prisoners who object to changes in parole laws that add conditions such as electronic monitoring, urinalysis, and curfew restrictions, finding no ex post facto violation, because these conditions do not increase an offender's punishment. *See Cruz v. Texas Parole Div.*, 87 F. App'x 346, 2006

6

WL 190251 (5th Cir. 2004); *Herron v. Cockrell*, 78 F. App'x 429, 2003 WL 22409501 (5th Cir. 2003); *Vineyard v. Keesee*, 70 F.3d 1266, 1995 WL 696732 (5th Cir. 1995) (unpublished). The Supreme Court has also rejected arguments concerning the restrictive conditions of supervised release imposed on sex offenders, holding that sex-offender conditions of parole or mandatory supervision do not violate the Ex Post Facto Clause. *See Smith v. Doe*, 538 U.S. 84, 103-04 (2003). As the Fifth Circuit has explained, the restrictions typically imposed in Texas do not violate the Ex Post Facto Clause because the sex-offender conditions of parole are not intended to be punitive and serve important non-punitive goals. *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003) (upholding the requirement that a parolee participate in a sex offender counseling program); *see also Creekmore v. Attorney General of Texas*, 341 F. Supp.2d 648, 662-63 (E.D. Tex. 2004) (holding the Texas sex offender statute is non-punitive and does not pose an ex post facto violation); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (explaining that the state sex offender registration statute poses no ex post facto violation because there is no evidence of punitive intent in the legislative history). Thus, Hartfield fails to articulate a violation of the Ex Post Facto Clause or show that officials have violated his constitutional rights by requiring him to register as a sex offender. For this additional reason, the complaint is subject to dismissal.

### IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim.

2. Officials at the Southeast Texas Transitional Center are **ORDERED** to deduct funds from the inmate trust account of Devon Lynn Hartfield (TDCJ #1175899) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, Federal Express, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; (2) the Southeast Texas Transitional Center, Attn: Inmate Trust Fund, 10950 Beaumont Hwy, Houston, Texas 77078; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on **December 21, 2011**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge